# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1162

_____

| | | |
|---|---|---|
| Carl Eric Olsen, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the United States |
| | * | Drug Enforcement Agency. |
| Drug Enforcement Administration, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: August 25, 2009
Filed: August 26, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Carl Olsen petitions this court, pursuant to 21 U.S.C. § 877, for review of a final determination by the Drug Enforcement Administration denying his request for a rescheduling of marijuana based upon its medical usefulness. He maintains that he has been injured by his inability to use marijuana for religious purposes. Upon de novo review, we conclude that Olsen lacks standing under Article III of the United States Constitution. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (Article III standing requires "injury in fact," causal connection between injury and conduct complained of, and likelihood that injury will be redressed by favorable decision); Young Am. Corp. v. Affiliated Computer Servs., Inc., 424 F.3d 840, 843 (8th Cir. 2005) (Article III standing is question of subject matter jurisdiction which

this court reviews de novo); <u>Gettman v. DEA</u>, 290 F.3d 430, 433 (D.C. Cir. 2002) (§ 811(a)(2) does not provide "automatic standing" to petition federal court for review of DEA's denial of request; petitioner must have Article III standing). Accordingly, we dismiss the petition for lack of jurisdiction.

_____